UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

REDDING BANK OF COMMERCE, a
California corporation,

        Plaintiff,

  v.

BANK OF AMERICA, a Delaware
corporation; and Does 1
through 20, inclusive,

        Defendants.
_____/

Civ. No. S-10-498 FCD/CMK

MEMORANDUM AND ORDER

----oo0oo----

        This matter is before the court on the motion of defendant Bank of America ("BofA") to dismiss plaintiff Redding Bank of Commerce's ("RBC") complaint for failure to meet the threshold pleading requirements under Federal Rule of Civil Procedure ("FRCP") 8, or, alternatively, to dismiss Count 3 (breach of fiduciary duty), Count 4 (declaratory relief), and Count 5 (claim for accounting) of RBC's complaint pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  RBC

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

opposes the motion.  For the reasons set forth below, BofA's motion to dismiss the complaint is DENIED in its entirety.

**BACKGROUND**

On or about October 1, 2007, RBC entered into a written agreement ("Agreement") with Countrywide Home Loans, Inc. ("Countrywide") whereby: (1) RBC purchased certain residential mortgage loans ("Loans") from Countrywide; and (2) Countrywide agreed to service the Loans for RBC following the sale. (Compl. ¶ 4-5.)  Subsequently, BofA purchased Countrywide. (Id. at ¶ 6.) Whether BofA assumed any or all of Countrywide's responsibilities under the Agreement is contested by the parties; RBC asserts BofA assumed all obligations and responsibilities of Countrywide under the Agreement, including, but not limited to, the obligation to service and process payments for the Loans. (Id. at ¶¶ 6, 8, 11.)  To support this assertion, RBC alleges that after BofA purchased Countrywide, BofA ostensibly demonstrated its intention to assume the servicing obligation of the Agreement by foreclosing on at least one Loan. (Id. at ¶ 25.)  BofA argues RBC's allegations are "exceedingly vague," and asserts that it should be dismissed from the lawsuit because it was not a party to the Agreement and because RBC has failed to allege facts to demonstrate that it is a successor to Countrywide's obligations under the Agreement.

In or around April 2009, RBC made written demands of BofA seeking: (1) information related to the status of the Loans; and (2) that BofA release the servicing rights to certain Loans so that the rights could be resold by RBC, per the terms of the Agreement. (Id.)  According to RBC, these requests were ignored

by BofA, leaving RBC unaware of "the complete status of all properties held as securities for the Loans, the condition of the properties, and whether or not the properties are presently being cared for, maintained, sold, foreclosed upon, or involved in bankruptcy." (Id. at ¶ 14.)

On January 25, 2010, RBC filed a complaint in the Superior Court of California, County of Shasta, asserting claims against BofA for: (1) breach of contract; (2) failure to transfer servicing rights; (3) breach of fiduciary duty; (4) declaratory relief; and (5) an accounting. On March 1, 2010, BofA removed the action to this court, and on March 8, 2010, filed the instant motion to dismiss.

**STANDARD**

FRCP Rule (8)(a)(2) requires a complaint to contain only a short, plain statement showing that the pleader is entitled to relief, such that the defendant has fair notice of what the claim is and on what grounds it rests. On a motion to dismiss, the allegations of the complaint must be accepted as true and interpreted in the light most favorable to the plaintiff. Cruz v. Beto, 405 U.S. 319, 322 (1972); Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996). The court is bound to give a plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73. (1984)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

I.  **Motion to Dismiss Complaint in its Entirety**

BofA moves to dismiss RBC's complaint in its entirety, arguing that RBC's allegations are factually insufficient to support any cause of action against BofA.  More specifically, BofA claims that the lawsuit should be dismissed because BofA is a stranger to the contract between Countrywide and RBC, and that there are no facts in RBC's complaint to support the "conclusory allegation" that BofA assumed any or all obligations under the Agreement.  (Def.'s Mot. Dismiss, filed March 8, 2010, 3.)

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570).  The plaintiff must, however, provide something more than labels, conclusions, or a formulaic recitation of the elements of a cause of action.  Twombly, 550 U.S. at 555.

Contrary to BofA's argument, RBC's complaint proffers sufficient facts to comply with the Iqbal and Twombly pleading standards.  In support of its claim that BofA assumed (and subsequently breached) the responsibilities of the Agreement, RBC's complaint makes the following factual allegations: (1) BofA purchased Countrywide (Compl. ¶ 25); (2) BofA assumed all obligations and responsibilities of Countrywide under the Agreement (Id. at ¶¶ 6-7); and (3) BofA demonstrated its intention to assume the rights and responsibilities of Countrywide under the Agreement by foreclosing on at least one Loan subject to the Agreement subsequent to its purchase of

Countrywide (Id. at ¶ 25). These allegations are not, as urged by BofA, simply a formulaic recitation of the elements of a claim for relief, nor are they unacceptably vague or conclusory. Twombly, 550 U.S. at 555. Rather, they assert specific facts establishing a predicate for plaintiff's claims for relief. Taking these facts as true and drawing all reasonable inferences therefrom, as it must on a motion to dismiss, the court finds that the complaint meets the basic pleading requirements of Rule 8.[2]

Thus, BofA's motion to dismiss the complaint for violation of the Iqbal and Twombly pleading standards is DENIED.

**II. Motion to Dismiss Counts 3, 4, and 5 for Failure to State a Claim**

**A. Breach of Fiduciary Duty (Count 3)**

BofA moves to dismiss Count 3 of RBC's complaint on the ground that RBC failed to state a claim for breach of fiduciary duty. Specifically, BofA contends that RBC's complaint fails to allege facts sufficient to show the existence of a fiduciary relationship between the parties.

A breach of fiduciary duty claim typically involves three elements: (1) the existence of a fiduciary relationship; (2) breach; and (3) damage proximately caused by the breach. City of Atascadero v. Merill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 483 (1998). BofA contests the existence of a fiduciary relationship and argues that RBC's complaint does not (and cannot) allege facts sufficient to prove the existence of a

---

[2] In its reply, BofA states that contrary to the allegations in the complaint, it did not assume the rights and responsibilities of Countrywide under the Agreement. Even if true, this fact is not relevant to a 12(b)(6) motion. Rather, the assertion raises a factual dispute that must be resolved on a motion for summary judgment. Fed. R. Civ. P. 56.

6

1  fiduciary relationship.  As noted above, however, RBC alleges
2  that BofA voluntarily assumed all rights and responsibilities
3  under the Agreement, including the fiduciary duty previously owed
4  to RBC by Countrywide.  (Compl. ¶¶ 6, 8, 11.)  As recognized in
5  <u>City of Atascadero</u>, an existing fiduciary duty can be assumed, as
6  RBC alleges BofA did here.  RBC also alleges that BofA's duty to
7  receive and transmit moneys owed to RBC under the Loans and to
8  keep accurate records of these transactions demonstrates a
9  fiduciary relationship.  As previously noted, for purposes of a
10 motion to dismiss, plaintiff's factual allegations must be taken
11 as true and interpreted in the light most favorable to plaintiff.
12 Therefore, BofA's claim that RBC's complaint proffers
13 insufficient *evidence* of the existence of a fiduciary
14 relationship is incorrect.  Plaintiff sufficiently *alleges* the
15 existence of a fiduciary relationship between it and BofA.
16      Accordingly, BofA's motion to dismiss RBC's breach of
17 fiduciary duty claim is DENIED.
18      **B. Declaratory Relief (Count 4)**
19      RBC seeks a declaratory judgment of the rights and
20 obligations of the parties with respect to the Loans at issue.
21 Specifically, RBC seeks a declaration that the Servicing
22 Agreement between RBC and BofA is terminated, and that RBC is
23 entitled to assume servicing rights and title to the Loans and
24 property at issue.  (Compl. ¶ 30.)  BofA moves to dismiss RBC's
25 claim for declaratory judgment because it is "duplicative of
26 [RBC]'s other claims," and is therefore, "redundant and
27 unnecessary."  (Def.'s Mot. Dismiss. 5.)  In other words, BofA
28 seeks to dismiss the claim on the ground that the relief sought

7

may be accomplished through Counts One and Two of RBC's complaint.  However, pursuant to FRCP 57, the mere existence of an alternate remedy does not preclude the use of declaratory relief.  Therefore, it would be inappropriate to dismiss RBC's motion for declaratory judgment based solely on the fact that the relief sought can be achieved through other means.

BofA also contends that the claim for a declaratory judgment "serves no useful purpose" and "adds nothing to the lawsuit." (Id.)  District courts have broad discretion in deciding whether a declaratory judgment serves a useful purpose.  The Ninth Circuit has laid out two principles to guide the court's analysis: a declaratory judgment should be considered when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations at issue; and (2) when a declaratory judgment will afford relief from the controversy giving rise to the proceeding.  McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339 (9th Cir. 1966).  Based on these guidelines, the court finds that dismissal of RBC's claim for declaratory relief at this stage in the proceeding would be premature.  A factual record must be developed and analyzed before the court can reach an informed decision whether declaratory relief is appropriate in this case.

As such, BofA's motion to dismiss RBC's claim for a declaratory judgment is DENIED.

**C.  Accounting (Count 5)**

BofA moves to dismiss RBC's accounting claim on the grounds that: (1) the complaint states insufficient facts as to the existence of a fiduciary relationship; and (2) contract based

damages (if any) can be determined without an accounting of BofA's records.  RBC maintains that an accounting is necessary and appropriate because a fiduciary relationship exists between the parties and determining the exact amount in controversy would be difficult or impossible without an accounting.

An action for an accounting is justified when the plaintiff can show: (1) the existence of a fiduciary relationship; and (2) the amount in controversy cannot be determined without an accounting (i.e., the amount cannot be made certain by calculation).  <u>Kritzer v. Lancaster</u>, 96 Cal. App. 2d 6-7 (1950).  As discussed above, RBC has alleged a number of facts supporting the existence of a fiduciary relationship.  (Compl. ¶¶ 7, 33.)  Additionally, RBC alleges that because BofA maintains exclusive control of the records relating to the Loans and the properties securing the Loans, the exact amount in controversy would be impossible without an accounting.  (Compl. ¶¶ 33-35.)  Therefore, RBC's complaint has alleged facts sufficient to support an accounting claim, and BofA's motion to dismiss RBC's claim for an accounting is DENIED.  <u>Kritzer</u>, 96 Cal. App. 2d at 6-7.

## CONCLUSION

For the foregoing reasons, BofA's motion to dismiss the complaint is DENIED in its entirety.

IT IS SO ORDERED.

DATED: June 24, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE