DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MEGHAN M. BAKER (Bar No. 243765)
ADRIAN J. WEBBER (Bar No. 259118)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:     (916) 444-1000
Facsimile:      (916) 444-2100
bwarne@downeybrand.com
mbaker@downeybrand.com
awebber@downeybrand.com

Attorneys for Plaintiff
REDDING BANK OF COMMERCE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDDING BANK OF COMMERCE, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, a Delaware corporation; BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, a limited partnership organized under the laws of the state of Texas; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.  2:10-CV-00498-FCD-CMK<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES IN SCHEDULING ORDER** |

   Plaintiff Redding Bank of Commerce ("Plaintiff") and Defendants Bank of America and

BAC Home Loans Servicing (collectively, "Defendants") hereby jointly stipulate and seek leave

pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to extend the deadlines set forth in

the Status (Pretrial Scheduling) Scheduling Order (hereinafter the "Scheduling Order") by

approximately five months.

   Good cause exists for the requested extension.  In this action, Plaintiff alleges that in

October 2007 it entered into written agreements with Countrywide Homes Loans Servicing, LP

1

DOWNEY BRAND LLP

1    and Countrywide Home Loans Inc. ("Countrywide").  Pursuant to these agreements, Plaintiff

2    purchased certain loans from Countrywide and in turn, Countrywide obligated itself to service

3    those loans ("Agreement").  Plaintiff alleges that after the execution of this Agreement,

4    Defendant Bank of America purchased Countrywide and assumed all obligations and

5    responsibilities under the Agreement including, but not limited to, the obligation to continue

6    servicing the loans at issue.  Plaintiff alleges that Defendant has breached the Agreement and its

7    fiduciary duties by, among other things, failing to provide information requested by Plaintiff with

8    respect to the status of the loans at issue and the status of properties pledged as security for the

9    loans that may have been foreclosed upon; failing to release the servicing rights to the loans

10   included in the Agreement; transferring servicing rights to other entities and/or banks without the

11   permission of Plaintiff; and failing to properly service, manage, maintain, care for, market or sell

12   properties that have been foreclosed.

13        In its Answer, Bank of America denied the allegation that it assumed the loan servicing

14   obligations of Countrywide under the Agreement.  Plaintiff subsequently propounded discovery

15   on Bank of America directed to this issue.  On September 20, 2010, Defendant Bank of America

16   served discovery responses asserting that BAC Home Loans Servicing, LP f/k/a Countrywide

17   Home Loans Servicing, LP ("BACHLS") has been servicing and continues to service the loans at

18   issue in this action.  In light of this information, Plaintiff sent Defendant Bank of America a letter

19   on October 1, 2010, inquiring whether it would stipulate to Plaintiff filing an Amended

20   Complaint adding BACHLS as party to this action.  On November 2, 2010, Defendant agreed to

21   so stipulate.  Accordingly, on November 9, 2010, the parties submitted a Joint Stipulation and

22   Proposed Order to this effect, which the Court later signed that same day.

23        On November 10, 2010, Plaintiff filed its First Amended Complaint adding BACHLS as a

24   party.  On November 16, 2010, BACHLS waived service of the summons of the amended

25   pleading.  Pursuant to the terms of the November 9, 2010, Order, BACHLS has thirty (30) days to

26   file a response to the First Amended Complaint.

27        On the afternoon of November 9, 2010, Plaintiff received new discovery responses from

28   Defendant Bank of America; these responses indicated that additional time will be necessary to

DOWNEY BRAND LLP

2

1    conduct discovery in this action, particularly with respect to the newly added party BACHLS.[1]  In

2    light of the looming court deadlines, Plaintiff has already served written discovery on BACHLS,

3    including Requests for Production, Interrogatories, and Requests for Admission; Plaintiff served

4    this discovery on November 18, 2010, and responses are due on or about December 21, 2010.

5    Plaintiff has already met and conferred with counsel for BACHLS, who also serves as counsel for

6    Bank of America, about these discovery requests.  Counsel indicates that BACHLS will not be

7    able to produce all of the documents requested by Plaintiff before the end of December, and that

8    its production will likely take until the end of January or the beginning of February 2011 to

9    complete.  Once that production has been completed, Plaintiff will need time to review the

10   documents and thereafter to take Rule 30(b)(6) depositions of Defendants.  Plaintiff anticipates

11   that its document review and the depositions may necessitate another abbreviated round of written

12   discovery requests.  Barring unforeseen difficulties, the parties estimate that these tasks can be

13   reasonably accomplished within five months.

14        Presently, the discovery cut-off in this action is January 7, 2011.  Despite their diligent

15   efforts, the parties cannot comply with this deadline.  Without an opportunity to complete

16   discovery, particularly discovery with respect to BACHLS, all parties will be inhibited from

17   adequately preparing for trial of this matter.  Additionally, the parties believe that the discovery

18   process may assist with efforts to resolve this action informally.  Settlement talks are ongoing and

19   running concurrently with discovery efforts.

20        In light of the foregoing, the parties respectfully request that the Court modify the existing

21   Scheduling Order by extending the dates therein by approximately five months.  The parties

22   propose the following new scheduling deadlines:

23        / / /

24

25

26   _____

[1] Specifically, Bank of America has refused to substantively respond to written discovery requests or produce any
27   documents on the grounds that it is not a proper party to this action.  The parties are still in the process of meeting
     and conferring regarding these responses.  Setting this discovery dispute aside, the fact remains that Plaintiff has not
28   received any substantive written discovery responses or documents from Defendants, even though Plaintiff
     propounded its first round of written discovery back in August 2010.

DOWNEY BRAND LLP

| Deadline | Existing Date | Proposed Date |
|---|---|---|
| Discovery Cutoff | January 7, 2011 | June 7, 2011 |
| Initial Expert Disclosures | January 14, 2011 | June 14, 2011 |
| Rebuttal Expert Disclosures | February 7, 2011 | July 14, 2011 |
| Last Hearing Date for Motions | April 29, 2011 | September 30, 2011 |
| Final Pretrial Conference | June 24, 2011 at 1:30 PM | December 2, 2011 at 2:00 PM |
| Trial | August 23, 2011 | February 7, 2012 |

DATED:  December 8, 2010             DOWNEY BRAND LLP


By:  /s/  Meghan M. Baker
MEGHAN M. BAKER
Attorney for Plaintiff
REDDING BANK OF COMMERCE

DATED:  December 8, 2010             GOODWIN PROCTER LLP


By:  /s/  Robert B. Bader (as authorized )
ROBERT B. BADER
Attorney for Defendant
BANK OF AMERICA


/ / /

DOWNEY BRAND LLP

4

1

**ORDER**

2

Pursuant to the joint stipulation of the parties, and good cause appearing, the request to

3

extend the deadlines in the Court's Status (Pretrial Scheduling) Order is GRANTED.   The

4

deadlines are modified as follows:

5

6

7

8

9

10

11

12

| Deadline | Existing Date | Proposed Date |
|---|---|---|
| Discovery Cutoff | January 7, 2011 | June 7, 2011 |
| Initial Expert Disclosures | January 14, 2011 | June 14, 2011 |
| Rebuttal Expert Disclosures | February 7, 2011 | July 14, 2011 |
| Last Hearing Date for Motions | April 29, 2011 | September 30, 2011 |
| Final Pretrial Conference | June 24, 2011 at 1:30 PM | December 2, 2011 at 2:00 PM |
| Trial | August 23, 2011 | February 7, 2012 |

13

DATED: December 8, 2010

14

15

_____

16

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY BRAND LLP

5