DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MEGHAN M. BAKER (Bar No. 243765)
ADRIAN J. WEBBER (Bar No. 259118)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mbaker@downeybrand.com
awebber@downeybrand.com

Attorneys for Plaintiff
REDDING BANK OF COMMERCE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

REDDING BANK OF COMMERCE, a California corporation,

Plaintiff,

v.

BANK OF AMERICA, a Delaware corporation; BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, a limited partnership organized under the laws of the state of Texas; and DOES 1 through 20, inclusive,

Defendants.

Case No. 2:10-CV-00498-FCD-CMK

**AMENDED STIPULATION AND ORDER TO EXTEND DEADLINES IN SCHEDULING ORDER**

Plaintiff Redding Bank of Commerce ("Plaintiff"), Defendant Bank of America sued herein as "Bank of America, a Delaware corporation" ("BAC"), and Defendant BAC Home Loans Servicing, LP ("BACHLS") (collectively, "Defendants") hereby jointly stipulate and seek leave pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to extend the deadlines set forth in the Status (Pretrial Scheduling) Scheduling Order (hereinafter the "Scheduling Order") by approximately five months.

/ / /

Good cause exists for the requested extension. In this action, Plaintiff alleges that in October 2007 it entered into written agreements with Countrywide Homes Loans Servicing, LP and Countrywide Home Loans Inc. ("Countrywide"). Pursuant to these agreements, Plaintiff alleges that it purchased certain loans from Countrywide and in turn, Countrywide agreed to service those loans ("Agreement"). Plaintiff alleges that after the execution of this Agreement, BAC purchased Countrywide and assumed all obligations and responsibilities under the Agreement including, but not limited to, the obligation to continue servicing the loans at issue. Plaintiff also alleges that BAC breached the Agreement and its fiduciary duties to Plaintiff by, among other things, failing to provide information requested by Plaintiff with respect to the status of the loans at issue and the status of properties pledged as security for the loans that may have been foreclosed upon; failing to release the servicing rights to the loans included in the Agreement; transferring servicing rights to other entities and/or banks without the permission of Plaintiff; and failing to properly service, manage, maintain, care for, market or sell properties that have been foreclosed.

In its Answer, BAC denied the allegations that it assumed the loan servicing obligations of Countrywide under the Agreement, that BAC breached the Agreement, or that BAC is otherwise liable to Plaintiff. Plaintiff subsequently propounded discovery on BAC on these issues. On September 20, 2010, BAC served discovery responses to a portion of these requests. In these responses, BAC asserted that BACHLS has been servicing and continues to service the loans at issue in this action. In light of this information, Plaintiff sent BAC a letter on October 1, 2010, inquiring whether it would stipulate to Plaintiff filing an Amended Complaint adding BACHLS as party to this action. On November 2, 2010, BAC agreed to so stipulate. Accordingly, on November 9, 2010, the parties submitted a Joint Stipulation and Proposed Order to this effect, which the Court later signed that same day.

On November 10, 2010, Plaintiff filed its First Amended Complaint adding BACHLS as a party. On November 16, 2010, BACHLS waived service of the summons of the amended pleading. Pursuant to the terms of the November 9, 2010, Order, BACHLS has thirty (30) days to file a response to the First Amended Complaint.

On the afternoon of November 9, 2010, Plaintiff received additional, new discovery responses from BAC; these responses indicated that additional time will be necessary to conduct discovery in this action, particularly with respect to the newly added party BACHLS.[1] In light of the looming court deadlines, Plaintiff has already served written discovery on BACHLS, including Requests for Production, Interrogatories, and Requests for Admission; Plaintiff served this discovery on November 18, 2010, and responses are due on or about December 21, 2010. Plaintiff has already met and conferred with counsel for BACHLS, who also serves as counsel for BAC, about these discovery requests. Counsel states that BACHLS will not be able to produce all of the documents and other discovery requested by Plaintiff before the end of December, and that its production will likely take until the end of January or the beginning of February 2011 to complete. Once that production has been completed, Plaintiff will need time to review the documents and thereafter to take Rule 30(b)(6) depositions of Defendants. Plaintiff anticipates that its document review and the depositions may necessitate another abbreviated round of written discovery requests. Likewise, BACHLS plans to serve additional discovery requests on Plaintiff, and to take Rule 30(b)(6) depositions of Plaintiff. Barring unforeseen difficulties, the parties estimate that these tasks can be reasonably accomplished within five months.

Presently, the discovery cut-off in this action is January 7, 2011. Despite their diligent efforts, the parties cannot comply with this deadline. Without an opportunity to complete discovery, particularly discovery with respect to BACHLS, all parties will be inhibited from adequately preparing for trial of this matter. Additionally, the parties believe that the discovery process may assist with efforts to resolve this action informally. Settlement talks are ongoing and running concurrently with discovery efforts.

In light of the foregoing, the parties respectfully request that the Court modify the existing Scheduling Order by extending the dates therein by approximately five months. The parties

---

[1] Plaintiff contends that the discovery responses RBC received on November 9th consist solely of objections. BAC contends that it provided certain requests, but that it need not substantively respond to all of the requests or produce any documents on the grounds that it is not a proper party to this action. The parties are in the process of meeting and conferring regarding these responses. Consequently, Plaintiff has not yet received any substantive written discovery responses regarding the loans at issue or documents, even though Plaintiff propounded its first round of written discovery back in August 2010.

propose the following new scheduling deadlines:

| Deadline | Existing Date | Proposed Date |
|---|---|---|
| Discovery Cutoff | January 7, 2011 | June 7, 2011 |
| Initial Expert Disclosures | January 14, 2011 | June 14, 2011 |
| Rebuttal Expert Disclosures | February 7, 2011 | July 14, 2011 |
| Last Hearing Date for Motions | April 29, 2011 | September 30, 2011 |
| Final Pretrial Conference | June 24, 2011 at 1:30 PM | December 2, 2011 at 2:00 PM |
| Trial | August 23, 2011 | February 7, 2012 |

DATED: December 7, 2010

DOWNEY BRAND LLP

By: /s/ Meghan M. Baker
MEGHAN M. BAKER
Attorney for Plaintiff
REDDING BANK OF COMMERCE

DATED: December 7, 2010

GOODWIN PROCTER LLP

By: /s/ Robert B. Bader (as authorized on 12/7/10)
ROBERT B. BADER
Attorney for Defendant
BANK OF AMERICA

/ / /

/ / /

**ORDER**

Pursuant to the joint stipulation of the parties, and good cause appearing, the request to extend the deadlines in the Court's Status (Pretrial Scheduling) Order is GRANTED. The deadlines are modified as follows:

| Deadline | Existing Date | Proposed Date |
|---|---|---|
| Discovery Cutoff | January 7, 2011 | June 7, 2011 |
| Initial Expert Disclosures | January 14, 2011 | June 14, 2011 |
| Rebuttal Expert Disclosures | February 7, 2011 | July 14, 2011 |
| Last Hearing Date for Motions | April 29, 2011 | September 30, 2011 |
| Final Pretrial Conference | June 24, 2011 at 1:30 PM | December 2, 2011 at 2:00 PM |
| Trial | August 23, 2011 | February 7, 2012 at 9:00 AM |

DATED: December 8, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE