Robert B. Bader (SBN 233165)
**GOODWIN PROCTER LLP**
*rbader@goodwinprocter.com*
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415.733.6055
Fax: 415.677.9041

Attorneys for Defendants
Bank of America Corporation and BAC Home
Loans Servicing, LP

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDDING BANK OF COMMERCE, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, a Delaware corporation; BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, a limited partnership organized under the laws of the state of Texas; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 2:10-CV-00498-KJM-CMK<br><br>**JOINT STIPULATION AND ORDER TO EXTEND DEADLINES IN SCHEDULING ORDER** |

   Plaintiff Redding Bank of Commerce ("Plaintiff") and Defendants Bank of America Corporation sued herein as "Bank of America, a Delaware corporation" ("BAC") and BAC Home Loans Servicing, LP ("BACHLS") (collectively, "Defendants") hereby jointly stipulate and seek leave pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to extend the pre-trial deadlines set forth in the Status (Pretrial Scheduling) Order (hereinafter the "Scheduling Order") by approximately three months, and the trial date by approximately six weeks.

   Good cause exists for the requested schedule modifications. In this action, Plaintiff alleges that in October 2007 it entered into written agreements with Countrywide Homes Loans

Servicing, LP and Countrywide Home Loans, Inc. ("Countrywide").  Pursuant to these agreements, Plaintiff alleges that it purchased certain loans from Countrywide and in turn, Countrywide agreed to service those loans ("Agreement").  Plaintiff alleges that after the execution of this Agreement, BAC purchased Countrywide and assumed all obligations and responsibilities under the Agreement including, but not limited to, the obligation to continue servicing the loans at issue.  Plaintiff also alleges that BAC breached the Agreement and its fiduciary duties to Plaintiff by, among other things, failing to provide information requested by Plaintiff with respect to the status of the loans at issue and the status of properties pledged as security for the loans that may have been foreclosed upon; failing to release the servicing rights to the loans included in the Agreement; transferring servicing rights to other entities and/or banks without the permission of Plaintiff; and failing to properly service, manage, maintain, care for, market or sell properties that have been foreclosed.

In its Answer, BAC denied the allegations that it assumed the loan servicing obligations of Countrywide under the Agreement, that BAC breached the Agreement, or that BAC is otherwise liable to Plaintiff.  Plaintiff subsequently propounded discovery on BAC on these issues.  On September 20, 2010, BAC served discovery responses to a portion of these requests.  In these responses, BAC asserted that BACHLS has been servicing and continues to service the loans at issue in this action.  In light of this information, Plaintiff sent BAC a letter on October 1, 2010, inquiring whether it would stipulate to Plaintiff filing an Amended Complaint adding BACHLS as party to this action.  On November 2, 2010, BAC agreed to so stipulate.  Accordingly, on November 9, 2010, the parties submitted a Joint Stipulation and Proposed Order to this effect, which the Court later signed that same day.

On November 10, 2010, Plaintiff filed its First Amended Complaint adding BACHLS as a party.  On November 16, 2010, BACHLS waived service of the summons of the amended pleading.  Pursuant to the terms of the November 9, 2010, Order, BACHLS filed an Answer to the First Amended Complaint on December 9, 2010.

Plaintiff served discovery on BACHLS on November 18, 2010 ("Plaintiff's First Set of

Discovery Requests"). BACHLS provided responses to those requests on or about December 21, 2010, and agreed to produce non-privileged documents, if any, that are responsive to each of Plaintiff's 40 document requests.

BACHLS served discovery on Plaintiff on September 3, 2010. Plaintiff provided responses to those requests on November 29, 2010. After the Court entered a stipulated protective order, the parties exchanged documents in response to the discovery requests.

On December 7, 2010, the Parties submitted a Stipulation and Proposed Order to Extend Deadlines in Scheduling Order to modify the case schedule, which the Court (Damrell, J.) granted the following day. At that time, BACHLS anticipated that it likely would take until the end of January or beginning of February 2011 to complete its production of documents requested by Plaintiff. Although BACHLS produced non-privileged documents responsive to Plaintiff's discovery requests on March 15, 2011, it is BACHLS's position that despite its reasonably diligent efforts, it was not able to complete its production of all non-privileged responsive documents by February 2011. This was due to several reasons, including that BACHLS needs to collect thousands of potentially responsive documents and emails dating back to 2007 that are maintained in electronic and hard copy form from approximately 10 custodians; certain documents are archived, including voluminous emails, which takes additional time to collect; and hard copy and locally-stored electronic documents are maintained in several locations by several of the custodians. Given the volume of documents that BACHLS needs to finish collecting and reviewing, BACHLS requires additional time to complete its production of documents responsive to Plaintiff's First Set of Discovery Requests – *i.e.*, until June 30, 2011. Once that production has been completed, Plaintiff will need time to review the documents and thereafter to take Rule 30(b)(6) depositions of Defendants. Plaintiff anticipates that its document review and the depositions may necessitate another abbreviated round of written discovery requests. Likewise, BACHLS plans to take Rule 30(b)(6) depositions of Plaintiff and third-party depositions. Barring unforeseen difficulties, the parties estimate that these tasks can be reasonably accomplished within four months.

The current discovery cut-off in this action is June 7, 2011. Despite their diligent efforts, the parties cannot comply with this deadline. Without an opportunity to complete discovery, all parties will be inhibited from adequately preparing for trial of this matter. Additionally, the parties believe that the discovery process may assist with efforts to resolve this action informally. Settlement talks are ongoing and running concurrently with discovery efforts.

In light of the foregoing, the parties respectfully request that the Court modify the existing Scheduling Order (as modified by this Court by Minute Order on March 10, 2011) by extending the dates therein by approximately three months, and the trial date by approximately six weeks. The parties propose the following new scheduling deadlines:

| **Deadline** | **Existing Date** | **Proposed Date** |
|---|---|---|
| Last Day for Defendants to Produce Documents Responsive to Plaintiff's First Set of Document Requests | N/A | June 30, 2011 |
| Fact Discovery Cutoff | June 7, 2011 | September 7, 2011 |
| Initial Expert Disclosures | June 14, 2011 | September 21, 2011 |
| Rebuttal Expert Disclosures | July 14, 2011 | October 21, 2011 |
| Expert Discovery Cutoff | N/A | November 30, 2011 |
| Last Filing Date for Motions | N/A | November 30, 2011 |
| Last Hearing Date for Motions | October 12, 2011 | N/A |
| Final Pretrial Conference | December 14, 2011 at 11:00 AM | February 28, 2012 |
| Trial | February 6, 2012 | March 26, 2012 |

DATED:  May 19, 2011                    DOWNEY BRAND LLP


By:  /s/  Meghan M. Baker (authorized May 10, 2011)
MEGHAN M. BAKER
Attorney for Plaintiff
REDDING BANK OF COMMERCE

DATED:  May 19, 2011                    GOODWIN PROCTER LLP


By:   /s/  Robert B. Bader
ROBERT B. BADER
Attorney for Defendants
BANK OF AMERICA CORPORATION and
BAC HOME LOANS SERVICING, LP

JOINT STIPULATION AND ORDER TO EXTEND DEADLINES IN SCHEDULING ORDER

# ORDER

Pursuant to the joint stipulation of the parties, and good cause appearing, the request to extend the deadlines in the Court's Status (Pretrial Scheduling) Order (as modified by this court by Minute Order on March 10, 2011) is GRANTED. The deadlines are set and/or modified as follows:

| Deadline | Existing Date | New Date |
| --- | --- | --- |
| Fact Discovery Cutoff | June 7, 2011 | September 7, 2011 |
| Initial Expert Disclosures | June 14, 2011 | September 21, 2011 |
| Rebuttal Expert Disclosures | July 14, 2011 | October 21, 2011 |
| Expert Discovery Cutoff | N/A | November 30, 2011 |
| Last Hearing Date for Motions | October 12, 2011 | January 11, 2012 |
| Joint Pretrial Statement | November 30, 2011 | January 25, 2012 |
| Final Pretrial Conference | December 14, 2011 at 11:00 AM | February 15, 2012 at 11:00 AM |
| Trial | February 6, 2012 | March 26, 2012 at 9:00 AM |

DATED: May 19, 2011.

_____
UNITED STATES DISTRICT JUDGE

JOINT STIPULATION AND ORDER TO EXTEND DEADLINES IN SCHEDULING ORDER