UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDDING BANK OF COMMERCE, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, a Delaware corporation, *et al.*,<br><br>    Defendants.<br>_____/ | NO. CIV. S-10-498 KJM-CMK<br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

On April 9, 2012, the parties in the instant matter submitted a stipulation to extend certain deadlines in the scheduling order. (ECF 49.) This is the seventh such stipulation. (*See* ECF Nos. 19, 29, 35, 39, 45, 47 and 49.) On November 7, 2011, as justification for the fifth amendment to the scheduling order, the parties informed the court that they had reached a tentative settlement. (ECF 45.) Since that time, the court has approved a sixth stipulated amendment to the deadlines in the scheduling order, again on the basis that the parties were diligently finalizing their tentative settlement agreement. (ECF 47.)

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

1   1992) (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). Here, the
2   parties have failed to show good cause in the present stipulated request because they offer no
3   rationale for why they require eight months to finalize a settlement agreement. The parties'
4   request to amend deadlines set forth in the scheduling order is DENIED.
5       The parties are ordered to show cause within seven days as to why this case
6   should not be set for a status conference to determine a schedule for the case proceeding.
7       IT IS SO ORDERED.
8   Dated: April 11, 2012.

_____
UNITED STATES DISTRICT JUDGE